UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NATHAN ROMINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-902-PPS-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Nathan Romine, a prisoner without a lawyer, seeks habeas corpus relief from a finding of guilt by a disciplinary hearing officer that he aided in the vicious assault of another inmate in violation of Indiana Department of Correction Policy B-212/240. DE 1 at 1. Romine was docked 45 days of good time credit due to the finding of guilt and received other penalties as well. Romine's principal argument is that an investigative report said the assault occurred on April 14, 2017, but proof at the hearing was that it actually occurred on April 19, 2017. Because the Notice of Hearing gave the correct date of the incident, the obvious scrivener's error in the report of investigation does not entitle Romine to relief, and neither do any of the other arguments that he makes.

I will begin with the many challenges that Romine raises that relate to alleged violations of internal Indiana Department of Corrections policy. The problem with these arguments is that violations of IDOC policy, which are derivative of Indiana state law, cannot support a federal habeas corpus petition. This is because habeas corpus

relief is limited to violations of the *federal* Constitution; violations of state law will not do. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Before addressing Romine's arguments that are properly before me, let's start with a primer on the law that governs this type of habeas corpus petition. The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

To satisfy due process, there must be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). This means that "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. So the quantum of proof needed to find a prisoner guilty is exceedingly low. Indeed, the Seventh Circuit has said that "[e]ven meager proof will suffice." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). As for the review of a finding of guilt, the Seventh Circuit has noted that reviewing courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits

has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

Romine was found guilty of violating Indiana Department of Correction Policy B-212/240. Offense B-212 assault/battery is defined as: "Committing a battery/assault upon another person without a weapon or inflicting bodily injury." *See* ECF 11 at 10. Offense B-240 is aiding and abetting any Class B offense. Without question there is "some evidence" to support the finding of guilt. The evidence shows that the victim was viciously beaten by another offender, a guy named Jacob Himes. The assault occurred in the early morning hours of April 19, 2017. Romine assisted in the assault by helping to clean up the blood, standing watch at the door, and walking ahead of the battered victim in an attempt to hide the victim's injuries from security cameras. *See* ECF 11-2, 13 and 14. There is plainly "some evidence" in the record to support the finding of guilt by the hearing officer.

The other issue that Romine raises is the one I referenced at the outset: there was an error in one of the investigative reports — it said that the assault occurred on April 14, 2017, when in fact it occurred on April 19th. ECF 11-2. Seizing on this, Romine argues that he was not properly advised of the charges against him in violation of his *Wolff* rights. Romine is correct that in the first paragraph of the Report of Investigation the investigator states that the incident occurred on "April 14, 2017." But in the very next paragraph the investigator says that the assault occurred on April 19, 2017. *Id*. It seems obvious to me that the first reference is a typo and the second reference is the

correct one. Any confusion was dispelled when the Notice of Disciplinary Hearing — what IDOC calls the "screening report"— provided the correct date of the assault as April 19, 2017. Romine obviously received the screening report because in it he asked for two witnesses. And lo and behold, the two witnesses that he asked for were the other two people involved in the assault *on April 19, 2017* — the victim and the principal perpetrator. So Romine wasn't surprised by anything here, and his claim of confusion about the operative dates is quite simply a little hard to swallow. In sum, he had notice of the charge and *Wolff* was therefore complied with.

If Romine wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Nathan Romine's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

**SO ORDERED**.

ENTERED: December 27, 2018.

/ s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**